IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Eric J. Rudolph, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Case No. 3:11-cv-80 |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Don Redmann, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Eric J. Rudolph ("Rudolph") filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. #1). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). On initial review the court must identify cognizable claims or dismiss the petition, or any part of it, that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). After reviewing the petition, it is **RECOMMENDED** that it be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Rudolph states that on July 13, 2004 he was found guilty of gross sexual imposition, a Class B Felony, and was sentenced to five years of imprisonment with three years suspended, and three years of supervised probation. (Doc. #1). Rudolph served two years in prison prior to being released on supervised probation. Id.

On August 18, 2008, the state district court found Rudolph had violated the conditions of his probation and sentenced him to five years of imprisonment with two years suspended, and two years of supervised probation. Id. In addition, Rudolph was given credit for two years he served in prison on the 2004 judgment, and ninety days he spent in custody after he was arrested on the allegation that he violated the conditions of his probation. Id. Rudolph served one year in prison and was released on supervised probation a second time. Id.

On November 9, 2009, the state district court again found Rudolph had violated the conditions of his probation and sentenced him to seven years of imprisonment with three years suspended, and three years of supervised probation. Id. In addition, Rudolph was given credit for 76 days he spent in custody after he was arrested on the allegation. Id.

Rudolph did not appeal from the orders revoking his probation. On May 25, 2010 he filed a state application for post-conviction relief alleging that the sentence imposed after the 2009 order revoking his probation constitutes double jeopardy. Id. The state district court dismissed the petition and Rudolph appealed the order on the ground that the state "district court's amended judgment increasing his sentence from five years to seven years violated his right against double jeopardy." Rudolph v. State, 2011 ND 13, 798 N.W.2d 878. On February 8, 2011, the North Dakota Supreme Court summarily affirmed the district court's order. Id.

## Discussion

Rudolph's federal habeas petition appears to be timely filed. See 28 U.S.C. § 2244(d) (one-year statute of limitations for filing habeas petitions). Rudolph alleges two grounds for relief: First, Rudolph states the 2009 amended judgment enhancing his sentence violates the Fifth Amendment prohibition against double jeopardy. Second, he claims that the state improperly used section 12.1-32-07(6) of the North Dakota Century Code to sentence Rudolph to more time in prison than the original sentence allowed, also in violation of the Fifth Amendment.

Rudolph's first claim appears to be properly exhausted. See 28 U.S.C. § 2254(b)(1) (requiring that petitioners exhaust state court remedies prior to filing a federal habeas petition). However, whether Rudolph properly exhausted his second ground for relief is irrelevant because

2

it is not a cognizable claim. In the facts supporting his second ground for relief Rudolph cites to North Dakota state law which provides as follows:

> The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1-32-02 or 12.1-32-09 at the time of initial sentencing or deferment. <u>In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant.</u>

N.D. Cent. Code § 12.1-32-01(6)(emphasis added). Rudolph claims that he received a suspended execution of sentence and under state law the court could only revoke his probation and sentence him to the penalty originally imposed. To the extent that Rudolph contends that the state court misapplied its own statute, that claim is not cognizable. "[E]rrors of state law are not cognizable in federal habeas courts." <u>Nance v. Norris</u>, 392 F.3d 284, 289 (8th Cir. 2004). To the extent that Rudolph asserts the state violated the Fifth Amendment prohibition against double jeopardy, the court will address that claim.

Rudolph states that he had a "reasonable expectation that [the] original sentence was [a] ceiling on [what his] potential punishment [could be]." (Doc. #1). However, section 12.1-32-07(6) of the North Dakota Century Codes clearly states that "[i]f the defendant violates a condition of probation . . . the court may revoke the probation and impose any other sentence that was available . . . at the time of initial sentencing or deferment."[1] In North Dakota, an

---

[1] The court recognizes that Rudolph's second ground for relief essentially alleges that portion of the statute does not apply to him because part of his sentence was suspended, and the state trial court could only sentence him to the penalty that was previously imposed. The court

3

individual found guilty of a Class B Felony may be sentenced to a maximum penalty of ten years of imprisonment. See N.D. Cent. Code § 12.1-32-01. Rudolph served a total of three years in prison prior to the revocation of his probation in 2009. Upon revocation, the court sentenced Rudolph to seven years imprisonment with three years suspended. In total, Rudolph was sentenced to ten years of imprisonment, with three years suspended. This was the maximum allowed under North Dakota state law at the time of Rudolph's initial sentencing.

"[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." United States v. DiFrancesco, 449 U.S. 117, 137 (1980). "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." United States v. DiFrancesco, 449 U.S. at 137. "[T]he Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." Id. at 138; see also Gillespie v. Hunter, 159 F.2d 410, 412 (10th Cir. 1947) (revocation of a suspended sentence and imposition of a sentence that originally might have been imposed does not constitute double jeopardy).

## Conclusion

The revocation of Rudolph's probation and the imposition of a sentence that could have initially been imposed does not constitute double jeopardy. Accordingly, it is

**RECOMMENDED** that:

---

notes that the North Dakota Supreme Court has interpreted the statute otherwise. See State v. Lindgren, 483 N.W.2d 777, 778-79 (N.D. 1992) (holding that the last sentence of section 12.1-32-07(6) does not limit the court's authority on resentencing following a revocation of probation where the previous sentence included a suspended sentence). In habeas actions federal courts are bound by the state court's interpretation of state statutes. Rhode v. Olk-Long, 84 F.3d 284, 290 (8th Cir. 1996).

1. Rudolph's petition for habeas relief (Doc. #1) be **DISMISSED** with prejudice; and

2. A certificate of appealability not be issued with respect to any of the issues raised by Rudolph in this action.

Dated this 30th day of September, 2011.

                                                        /s/ *Karen K. Klein*
                                                        Karen K. Klein
                                                        United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than October 17, 2011, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.